```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YUN HONG HUA, individually and on behalf                    :
of all other employees similarly situated,                  :
                                                            :
                          Plaintiff,                        :   MEMORANDUM
                                                            :   DECISION AND ORDER
             - against -                                    :
                                                            :   15 Civ. 0275  (BMC)
EIGHT STAR INC.; CI CI WONG;                                :
MICHAEL C. LEE; NGAN YING CHEE;                             :
JOHN DOE AND JANE DOE #1-10;                                :
                                                            :
                          Defendants.                       :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

The principal issue on plaintiff's motion for a default judgment in this wage case is whether a plaintiff should be permitted to recover liquidated damages under both federal and state law. I hold that he should not.

## BACKGROUND

Plaintiff brought this action against defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and corresponding provisions of the New York State Labor Law ("NYLL"). The complaint alleges that plaintiff was a van driver for defendants' bus business in Queens, and that he had a bus route between Flushing and Woodbury, Connecticut. It further alleges that between March 20, 2014 and May 30, 2014, he worked four days per week, ten hours per day. Starting on June 8, 2014, and continuing through December 1, 2014, he worked either five or six days per week, twelve to fourteen hours per day, which came to between 60 and 81 hours per week.

He was paid a flat daily rate of $80 per day when he drove a 15-passenger van, and $100 per day when he drove a 25-passenger van. He was paid no overtime, no spread-of-hours

premium, and in November, 2014, he was not paid any wages at all. He also had to put up a $1000 security deposit which has not been returned to him. He seeks total damages of $28,354.99 comprised as follows: (1) $15,225 for unpaid minimum and overtime wages, including federal and state liquidated damages; (2) $2,000 for unpaid spread of hours, including state liquidated damages; (3) $7,158.50 for illegal deductions from his wages, including state liquidated damages; (4) $221.49 in prejudgment interest from June 8, 2014 (midpoint) through December 1, 2014, plus continuing interest accrual to the date of judgment. In addition, plaintiff seeks $7,595 in attorneys' fees and costs.

Plaintiff commenced this action by filing a Complaint and Summons on January 19, 2015. Service having been effected on February 6, 2015, the Clerk entered default against defendants on March 23, 2015. Defendants have not answered or otherwise appeared in this action, and the time to do so has expired.

In support of his Motion for Default Judgment, plaintiff has submitted an affidavit, confirming his hours as alleged in the complaint. He has also submitted a letter showing his calculation of the damages set forth above. His attorney has submitted a certification in support of plaintiff's application for attorney's fees, including itemized time entries for the hours the attorney spent on the case and costs incurred.

## **DISCUSSION**

The FLSA provides for actual and liquidated damages, both in the amount equal to that owed for overtime violations. See 29 U.S.C. § 216(b). The NYLL awards plaintiffs actual damages for all unpaid wages and a quarter of that sum as liquidated damages. See N.Y. Lab. Law §§ 198(3) & 663(1). Both statutes allow for an award of attorneys' fees to a prevailing plaintiff. See 29 U.S.C. § 216(b); N.Y. Labor Law §§ 198(1-a) & 663(1).

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

There is no need for a hearing in this case. Plaintiff has submitted an itemized calculation showing every element of the damages he claims. It is based on his recollection of the hours he worked and, in one instance, expenses he incurred. This is acceptable proof from an employee. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946); see also Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327 (S.D.N.Y. 2005) (where defendants do not produce admissible records of the hours worked, plaintiff may meet his burden by recollection alone).

There are, however, several components of plaintiff's damage claim with which I disagree. First, plaintiff claims liquidated damages on his unpaid minimum and overtime wages under both federal and state law. There are many cases that allow this on the theory that the purpose of liquidated damages under federal and state law is different – under the FLSA, the

3

purpose is "compensatory," while under the New York Labor Law, liquidated damages are like punitive damages, having a deterrent purpose. See Eschmann v. White Plains Crane Serv., Inc., No. 11–cv–5881, 2014 WL 1224247, at *7–8 (E.D.N.Y. Mar. 24, 2014).

I do not think the "compensatory" rationale under the FLSA holds much water. All of the cases expressing such a rationale rely on two sentences at the very end of Overnight Motor Transp. Co., Inc. v. Missel, 316 U.S. 572, 583-84, 62 S. Ct. 1216, 1223 (1942), in particular its statement that "[t]he retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages." The Court did not explain what the difficulty of proof is, and especially since the employee's recollection will control in the absence of written time records maintained by the employer, see Doo Nam Yang, it does not seem difficult to do the math at all.

The "compensatory" rationale was further undercut by superseding legislation, which overruled the holding of Overnight Motor by creating a good faith defense to liquidated damages. See Transworld Airlines, Inc. v. Thurston, 469 U.S. 111, 128 n.22, 105 S. Ct. 613 (1985). It is hard to see why an employee should be deprived of compensation which he is owed depending on whether the employer acted in good faith. Good faith always mitigates exemplary damages, not compensatory damages.

Other cases have supported the compensatory rationale by noting that one cannot recover both interest and liquidated damages under the FLSA, and thus liquidated damages effectively compensate for the delay in awarding actual damages. See Herman v. RSR Sec. Servs., Ltd., 172 F.3d 132, 142 (2d Cir. 1999) (citing Overnight Motor). This also seems to make little sense; no one (except perhaps a distressed debt purchaser) gets a 100% return on past due obligations, so if liquidated damages are intended to compensate for lost interest, that is quite an

4

extraordinary rate of return on the unpaid wages. It is particularly so considering that the FLSA has a short statute of limitations (two or three years, depending on willfulness), and that once judgment is entered, interest begins to run in any event, including interest on the liquidated damages.

This case is a perfect example of why liquidated damages, if viewed as a substitute for interest, result in a windfall. Plaintiff's last day of work was December 1, 2014, and he is having judgment entered in his favor barely six months later. It is simply fictitious to regard plaintiff's 100% liquidated damages under the FLSA as "compensation" for the delayed payment of his wages.

In addition, the practical realities of litigating wage claims, at least in New York, preclude a reasoned view that FLSA liquidated damages are compensatory. Virtually all FLSA claims, as in this case, are coupled with New York State Labor Law claims under the Court's supplemental jurisdiction. The state statute differs from the FLSA and is more favorable to the employee in many respects, two of which are important here: (1) the state statute mandates interest on all damages, compensatory and liquidated; and (2) it has a six year statute of limitations. Most importantly, the required rate of interest under state law is a whopping 9%, see New York C.P.L.R. § 5004 – far in excess of a reasonable rate of return in today's market, and a multiple of the rate that Congress has deemed appropriate as reflecting such a return on unsatisfied judgments. See 28 U.S.C. § 1961. So what the "compensatory" rationale does to an employer in New York wage cases is this: It imposes the actual amount the employee should have been paid, plus 100% more of that amount under the FLSA; plus 100% of the actual damages again under State law; plus 9% interest; plus attorneys' fees and costs. That, to me, seems like piling on. In some cases, it may well be that it is better to be unpaid than paid.

5

The state rationale for liquidated damages is much more intellectually honest – it is a deterrent to strongly encourage employers from cutting corners on wages owed to their employees. For every dollar of unpaid overtime or minimum wage that an employer thinks it is saving, the employer is actually exposing itself to twice that amount, plus state law interest of 9%, plus attorneys' fees. That is a pretty strong deterrent to evading the statutes. It fits the federal and state statutory schemes equally well.

However, even if we accommodate the notion that the purpose of liquidated damages under the FLSA is compensatory, I do not see why this should result in a recovery of double liquidated damages. If an employer pays liquidated damages once, it has both "compensated" the employee under the FLSA, and it has paid exemplary damages under state law. It has satisfied the concerns of both statutes with one payment that it would not have had to pay had it complied with the law. In contrast, the use of the FLSA and state law to award double liquidated damages is effectively a judge-created treble damage remedy that neither legislature, Congress or New York, has envisioned.

For all of these reasons, an increasing number of FLSA cases do not allow liquidated damages under both state and federal law, see Jimenez v. Computer Express Intern. Ltd., No. 14-cv-5657, 2015 WL 1034478 (E.D.N.Y. March 10, 2015); Gortat v. Capala Bros., 949 F. Supp. 2d 374, 381 (E.D.N.Y. 2012); Pineda–Herrera v. Da-Ar-Da, Inc., No. 09-cv-5140, 2011 WL 2133825, at *4–5 (E.D.N.Y. May 26, 2011) (citing Chun Jie Yin v. Kim, 07-cv-1236, 2008 WL 906736, at *7 (E.D.N.Y. Apr. 1, 2008)); Chan v. Sung Yue Tung Corp., No. 03-civ-6048, 2007 WL 313483, at *28–29 (S.D.N.Y. Feb. 1, 2007), and I will not allow it here.

In addition, plaintiff is seeking $3750 for violations New York Labor Law §195(1)(a) and (3). Although the complaint alleges a violation of these statutory provisions, no proof has been

6

submitted of that violation; it is not in plaintiff's declaration. Accordingly, this claim is disallowed.

Finally, plaintiff alleges that defendants "deducted $469.25 from my wages." There is nothing per se illegal, however, about wage deductions. Many deductions, such as FICA and social security, are required to be deducted. In the absence of some evidence that these deductions were improper, the claim is disallowed.

Plaintiff's claim for attorneys' fees is eminently reasonable. He had one experienced attorney at the rate of $350 per hour spend 21.7 hours. Detailed time sheets have been submitted. The rate is consistent with the rate for experienced FLSA counsel in this district, see generally Luo v. L&S Acupuncture, P.C., No. 14-cv-1003, 2015 WL 1954468, at *2 (E.D.N.Y. April 29, 2015), and the amount of time is appropriate. The costs are also appropriately charged.

## CONCLUSION

The motion for a default judgment [14] is granted. Plaintiff is directed to submit a letter within 7 days recalculating the amounts owed under this decision, and bringing the interest claim current, upon which judgment will be entered.

**SO ORDERED.**

                                                                               U.S.D.J.

Dated: Brooklyn, New York
       May 14, 2015